No. 179.—G. W. BANCKER & CO. v. M. MARTI and WALTERS & ELDER.

Where the verdict of the jury contradicts the admissions of the defendants in the answer, and the ends of justice require it, the cause will be remanded.

APPEAL from the District Court, parish of Caddo. *Levisee*, J. *Wright & Duncan*, for plaintiffs and appellants. *Land & Taylor*, for defendants and appellees.

HOWE, J. This suit was instituted against M. Marti, as a member of the late firm of Marti & Bradley, to recover the sum of $5407, upon a bill of exchange, which it was alleged had been given to plaintiffs in payment for goods purchased. It was further averred by plaintiffs that the firm of Marti & Bradley had been dissolved by agreement and that the goods and assets had been placed in the hands of Marti for the purpose of liquidation, but that he had made a fraudulent transfer of the entire stock in trade (including the goods sold to his firm by plaintiffs, and in value about $9000) to the firm of Walters & Elder, who were aware of his insolvent condition. The bill sued on fell due April 3, 1867, and the transfer, alleged to be fraudulent, was made about eleventh March, 1867. They prayed for judgment against Marti for the amount of the debt, and for the annulment of the sale as fraudulent and to their prejudice, and for judgment *in solido* against Walters & Elder for the amount of their claim.

The defendants pleaded the general denial—specially denied any knowledge of the business affairs of M. Marti or Marti & Bradley, or of their insolvency, and then proceeded to admit as follows:

" Defendants admit that they purchased from M. Marti a bill of goods in open market and paid said Marti the full value thereof, as a perfect, legitimate and ordinary transfer, and said goods were delivered to defendants after payment of the consideration therefor and without knowledge that said Marti was owing any one for said goods, or for any other merchandise." They specially denied that they ever purchased any goods from said Marti that ever belonged to plaintiffs, and required strict proof in this regard. They also denied that they purchased all the goods of said Marti & Bradley, or of said Marti, and specially averred " that the goods they did purchase were only a small portion of the *original stock* of said Marti & Bradley, and only such as were suited to the demands of defendants and were not purchased for the purposes of fraud or for any unjust advantage of any one."

The case was tried by a jury, which was demanded by Walters & Elder. No answer was made by Marti. The jury rendered the following verdict :

" We, the jury in the case of G. W. Bancker & Co v. M. Marti, find the following verdict : a judgment against M. Marti for the full amount of the claim of G. W. Bancker & Co., fifty four hundred and twenty-seven dollars with interest. We further find there was no sale to the firm of Walters & Elder by M. Marti."

The plaintiffs moved to set aside this verdict as to Walters & Elder, on the grounds that it was contrary to law and evidence, that it was not responsive to the pleadings, that it did not dispose of the issues involved in the suit, and that no judgment could be rendered on that part of the verdict.

The motion appears to have been overruled, and judgment was entered against Marti for the sum demanded, and in favor of the defendants, Walters & Elder, for their costs, and plaintiffs appealed.

We are constrained to say that the verdict of the jury in this case is very unsatisfactory. Upon the question of the indebtedness of Marti, their action being merely in confirmation of judgment by default on a bill of exchange, they seem to have arrived at a correct conclusion.; but their finding upon the other branch of the case ought to be set aside. They say there was no sale to the firm of Walters & Elder by M. Marti. Yet the answer of Walters & Elder admits, as we have seen, that there was a sale, and the natural interpretation of the answer, as a whole, would seem to be that the defendants, while admitting the transfer alleged by plaintiffs, deny that certain goods were included in it, and that it was made in fraud of the rights of plaintiff and to their prejudice. Their averment that the goods they did purchase were only a small portion of the "original stock" of Marti & Bradley does not militate against this admission or against the averments of the plaintiffs. The question was of a sale of the stock on hand about eleventh March, 1867, after the dissolution of the

firm. It is shown by the pleadings that the firm existed at least three months before that time.

We are of opinion that for this reason, and in the interests of justice, the cause should be remanded for a new trial, as between the plaintiffs and Walters & Elder, that the question of the character of the sale may be determined.

It is therefore ordered and adjudged that the judgment appealed from as to the defendant Marti, be affirmed, that in other respects the same be avoided and reversed, the verdict of the jury set aside, and the cause remanded for a new trial according to law; the costs of the appeal to be paid by the appellees.